IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PAUL BRUNHAMMER, | § | |
| | § | No. 524, 2017 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1006015080 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 26, 2017
Decided: January 16, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

This 16th day of January 2018, it appears to the Court that:

(1) On December 7, 2017, the Court received the appellant's notice of appeal from a Superior Court order docketed on October 11, 2017, which denied his motion for postconviction relief. Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before November 13, 2017.[1]

(2) The Senior Court Clerk issued a notice directing the appellant to show cause why the appeal should not be dismissed as untimely.[2] The appellant filed a response to the notice to show cause on December 26, 2017. The appellant's

---

[1] The Court was closed on November 10, 2017 in observance of Veteran's Day.
[2] Del. Supr. Ct. R. 29(b).

response states that he has cases pending in both Delaware and New Jersey. He asserts that he is autistic and is easily confused, which caused him to mix up Delaware's 30-day appeal period with New Jersey's 45-day appeal period. The appellant requests that we consider his untimely appeal.

(3) Time, however, is a jurisdictional requirement.[3] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period to be effective.[4] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[5] Even if we accept that the appellant's cognitive limitations caused him to believe that he had 45 days to file his notice of appeal, his notice of appeal was not filed within 45 days of docketing. Because the appellant's untimely filing in this case is not attributable to court personnel, the appeal must be dismissed for lack of jurisdiction.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the within appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[3]*Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[4]Del. Supr. Ct. R. 10(a).
[5]*Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).

2